# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAI LEE, | CASE NO. 1:12-cv-01095-SMS |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO NAME AS PLAINTIFF THE REAL PARTY IN INTEREST, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Docs. 1 and 3) |

On December 1, 2010, an administrative law judge denied Mai Lee's application for Supplemental Security Income. Doc. 1. The Appeals Counsel denied Ms. Lee's request for review on May 2, 2010. Doc. 1. On July 6, 2012, Ms. Lee filed a complaint seeking this Court's review. Doc. 1. The complaint fails to disclose that Ms. Lee died on October 29, 2011. Doc. 5-1.

Any action brought in this Court must be prosecuted in the name of the real party in interest. F.R.Civ.P. 17(a). The real party in interest appears to be Ms. Lee's widower, Kayeng Thao, who, by his attorney Sengthiene Bosavanh, filed a motion to proceed *in forma pauperis* (Doc. 3) and Suggestion of Death Upon the Record as to Substitution of Party Kayeng Thao by Mai Lee (Doc. 5), which consists of Ms. Lee's death certificate and a Social Security Administration form, Notice Regarding Substitution of Party Upon Death of Claimant (OMB No. 0960-0288), signed July 6, 2012.

///

The creative amalgam of documents submitted in this case do not constitute appropriate procedure. Under Rule 17, a new case must be initiated by the real party in interest. Rule 25 addresses substitution for a deceased party in an ongoing case in which an existing claim is not extinguished; this is not an ongoing case. In any event, submission of an administrative form is not a satisfactory means of bringing an official notice suggesting death upon the record in preparation for a motion for substitution of party.

That a dead person cannot initiate an action in federal district court would have been apparent to counsel had she undertaken even the most perfunctory review of applicable law. That the complaint not only failed to mention Ms. Lee's death but represented her using the present tense and as "residing in the Judicial District of this Court," constitutes a serious misrepresentation by Ms. Bosavanh and requires a reprimand. F.R.Civ.P. 11(b)(3). Any future misrepresentations will subject Ms. Bosavanh to a motion on the Court's initiative for sanctions pursuant to F.R.Civ.P. 11(c)(3).

Because this action is not brought by the real party in interest, the Court will dismiss the complaint with leave to amend to designate as Plaintiff "Kayeng Thao, Surviving Spouse of Mai Lee, Deceased." *See, e.g., Sousa v. Callahan*, 143 F.3d 1240 (9th Cir. 1998). The amended complaint should fully allege facts sufficient to explain the procedural posture of the case and to satisfy applicable pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mr. Thao's motion to proceed *in forma pauperis* shall be dismissed as moot, but may be re-filed with the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to name as Plaintiff the real party in interest, as required by F.R.Civ.P. 17;
2. The motion to proceed *in forma pauperis* filed by Kayeng Thao is dismissed as moot;
3. Sengthiene Bosavanh is reprimanded for presenting to the Court a complaint misrepresenting applicable facts;

///

4. Within **thirty (30) days** from the date of service of this order, Kayeng Thao shall file an amended complaint curing the deficiencies identified by the Court in this order; and

5. If Mr. Thao fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to follow a court order.

IT IS SO ORDERED.

**Dated:   July 10, 2012**                         /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE